# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAMSON RESOURCES CORPORATION, | Case No. 15-11934 ([___]) |
| Debtor. | |
| Tax I.D. No. 45-3991227 | |
| In re: | Chapter 11 |
| GEODYNE RESOURCES INC., | Case No. 15-11935 ([___]) |
| Debtor. | |
| Tax I.D. No. 73-1052703 | |
| In re: | Chapter 11 |
| SAMSON CONTOUR ENERGY CO., | Case No. 15-11936 ([___]) |
| Debtor. | |
| Tax I.D. No. 76-0447267 | |
| In re: | Chapter 11 |
| SAMSON CONTOUR ENERGY E&P, LLC, | Case No. 15-11937 ([___]) |
| Debtor. | |
| Tax I.D. No. 76-0082502 | |
| In re: | Chapter 11 |
| SAMSON HOLDINGS, INC., | Case No. 15-11938 ([___]) |
| Debtor. | |
| Tax I.D. No. 73-1498587 | |

| | |
|---|---|
| In re: | Chapter 11 |
| SAMSON-INTERNATIONAL, LTD., | Case No. 15-11939 ([___]) |
| Debtor. | |
| Tax I.D. No. 73-1404039 | |
| In re: | Chapter 11 |
| SAMSON INVESTMENT COMPANY, | Case No. 15-11940 ([___]) |
| Debtor. | |
| Tax I.D. No. 73-1281091 | |
| In re: | Chapter 11 |
| SAMSON LONE STAR, LLC, | Case No. 15-11941 ([___]) |
| Debtor. | |
| Tax I.D. No. 45-3939455 | |
| In re: | Chapter 11 |
| SAMSON RESOURCES COMPANY, | Case No. 15-11942 ([___]) |
| Debtor. | |
| Tax I.D. No. 73-0928007 | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion.

**Relief Requested**

1. By this motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A**: (a) directing procedural consolidation and joint administration of

2

KE 34979940

these chapter 11 cases and (b) granting related relief, including the ability to add later filed cases to these chapter 11 cases. The Debtors request that one file and one docket be maintained for all of the jointly-administered cases under the case of Samson Resources Corporation and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAMSON RESOURCES CORPORATION, et al.,[1] | ) | Case No. 15-11934 (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

2.  The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Samson Resources Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Geodyne Resources, Inc., Case No. 15-11935; Samson Contour Energy Co., Case No. 15-11936; Samson Contour Energy E&P, LLC, Case No. 15-11937; Samson Holdings, Inc., Case No. 15-11938;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Geodyne Resources, Inc. (2703); Samson Contour Energy Co. (7267); Samson Contour Energy E&P, LLC (2502); Samson Holdings, Inc. (8587); Samson-International, Ltd. (4039); Samson Investment Company (1091); Samson Lone Star, LLC (9455); Samson Resources Company (8007); and Samson Resources Corporation (1227). The location of parent Debtor Samson Resources Corporation's corporate headquarters and the Debtors' service address is: Two West Second Street, Tulsa, Oklahoma 74103.

KE 34979940

Samson-International, Ltd., Case No. 15-11939; Samson Investment Company, Case No. 15-11940; Samson Lone Star, LLC, Case No. 15-11941; Samson Resources Company, Case No. 15-11942; and Samson Resources Corporation, Case No. 15-11934. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 15-11934.

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are Bankruptcy Code section 105(a), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

## Background

7. The Debtors are a privately held onshore oil and gas exploration and production company with headquarters in Tulsa, Oklahoma and operations primarily located in Colorado, Louisiana, North Dakota, Oklahoma, Texas, and Wyoming. The Debtors operate, or have royalty or working interests in, approximately 8,700 oil and gas production sites.

KE 34979940

8. Each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 16, 2015 (the "Petition Date"). The facts and circumstances supporting this motion are set forth in the *Declaration of Philip Cook in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2], which is incorporated by reference.

9. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Basis for Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The nine Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) (directing joint administration of chapter 11 cases); *In re Quicksilver Resources Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (same); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. June 5, 2014) (same); *In re Physiotherapy Holdings, Inc.*, No. 13-12965 (KG) (Bankr. D. Del. Nov. 14, 2013) (same).[1]

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

KE 34979940

chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

15. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent under the Debtors' first lien credit facility; (d) counsel to the agent under the Debtors' first lien credit facility; (e) the agent under the Debtors' second lien credit facility; (f) counsel to the agent under the Debtors' second lien credit facility; (g) the indenture trustee under the Debtors' 9.75% senior notes due 2020; (h) counsel to certain majority holders of the existing common stock of the Debtors; (i) holders of the existing preferred stock of the Debtors; (j) counsel to holders of the existing preferred stock of the Debtors; (k) the United States Attorney's Office for the District of Delaware; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (o) the state attorneys general for states in which the Debtors conduct business. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16. No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

KE 34979940

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: September 17, 2015
Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:   (302) 426-1189
Facsimile:    (302) 426-9193

-and -

Morton Branzburg (*pro hac vice* admission pending)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:   (215) 569-2700
Facsimile:    (215) 568-6603

-and-

Paul M. Basta, P.C. (*pro hac vice* admission pending)
Edward O. Sassower, P.C. (*pro hac vice* admission pending)
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Ryan J. Dattilo (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
Brad Weiland (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

KE 34979940