**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SAMSON RESOURCES CORPORATION, *et al.*[1] | ) Case No. 15-11934 (CSS) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 7 |
| | ) **Hearing Date: October 14, 2015 @ 10:00 a.m.** |
| | ) **Objection Deadline: October 8, 2015 @ 4:00pm** |

**LIMITED OBJECTION BY XTO ENERGY INC. TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING PAYMENT OF (I) MINERAL PAYMENTS AND (II) WORKING INTEREST DISBURSEMENTS**

XTO Energy Inc. ("XTO"), files this limited objection to the *Debtors' Motion for Entry of Interim and Final Orders Authorizing Payment of (I) Mineral Payments and (II) Working Interest Disbursements* (the "Motion") [Docket No. 7], respectfully stating as follows:

1. XTO is a Non-Op Working Interest Holder[2] with respect to certain Contact Areas in which the Debtors act as Operator. In the Motion, the Debtors seek entry of a Final Order authorizing the Debtors to remit or apply up to $35.6 million of Working Interest Disbursements and to continue remitting Working Interest Disbursements in the ordinary course of business on a postpetition basis. XTO does not object to such relief. If such relief is granted, XTO anticipates that it will receive payments, including Working Interest Disbursements, after the Debtors set-off amounts owed to XTO to satisfy XTO's *pro rata* share of Joint Interest Billings.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Geodyne Resources, Inc. (2073); Samson Contour Energy Co. (7267); Samson Contour Energy E&P, LLC (2502); Samson Holdings, Inc. (8587); Samson-International, Ltd. (4039); Samson Investment Company (1091); Samson Lone Star, LLC (9455); Samson Resources Company (8007); and Samson Resources Corporation (1227). The location of parent Debtor Samson Resources Corporation's corporate headquarters and the Debtors' service address is: Two West Second Street, Tulsa, Oklahoma 74103.

[2] Capitalized terms not defined herein shall have the meanings attributed to such terms in the Motion.

1

2. XTO makes this limited objection seeking clarification with respect to certain language proposed by the Debtors in the Final Order. Paragraph 4 of the proposed Final Order attached as Exhibit "B" to the Motion reads:

> Any Working Interest Holder, Mineral Payee, or any other party that accepts payment from the Debtors on account of a Working Interest, Working Interest Disbursement, Interest Burden, or Mineral Payment, shall be deemed to have agreed to the terms and provisions of this Final Order.

3. XTO objects to the above proposed language to the extent it is intended to preclude XTO, after accepting any payment, including a Working Interest Disbursement, from later asserting that the amount received is insufficient or that the Debtors inappropriately set-off amounts owed to XTO. XTO's acceptance of any payment, including a Working Interest Disbursement, should not bar XTO from later asserting that the full amount owed to it was not appropriately paid if XTO determines that it was not paid the correct amount. Likewise, XTO's acceptance of any payment, including a Working Interest Disbursement, should not bar XTO from later asserting that the Debtors improperly set-off amounts owed to XTO to allegedly satisfy XTO's *pro rata* share of Joint Interest Billings.

4. XTO requests that the Final Order include language clarifying that XTO's acceptance of any payments from the Debtors, including Working Interest Disbursements, shall not preclude it from later challenging the adequacy of the amounts of any payments received and/or the validity of any amounts set-off by the Debtors to allegedly satisfy XTO's *pro rata* share of Joint Interest Billings.

**PRAYER FOR RELIEF**

WHEREFORE, XTO respectfully requests that the Court deny the relief sought in the Motion, as currently stated in the proposed Final Order, and grant any such other and further relief to which it may be entitled.

Dated:  October 8, 2015

Respectfully submitted,

LEECH TISHMAN FUSCALDO
& LAMPL, LLC

/s/  Gregory W. Hauswirth

Gregory W. Hauswirth (Bar No. 5679)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 332.7181
Facsimile: (412) 227.5551
ghauswirth@leechtishman.com
*Delaware Counsel for XTO Energy Inc.*

and

J. Robert Forshey
Texas State Bar No. 07264200
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, TX  76102
(817) 877-8855 (Tel.)
(817) 877-4151 (Fax)
bforshey@forsheyprostok.com
*Counsel for XTO Energy Inc.*