## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAMSON RESOURCES CORPORATION, *et al.*,[1] | ) | Case No. 15-11934 (CSS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Samson Resources Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "***Schedules***") and Statements of Financial Affairs (collectively, the "***Statements***, and together with the Schedules the "***Schedules and Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 1007.1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware.

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Geodyne Resources, Inc. (2703); Samson Contour Energy Co. (7267); Samson Contour Energy E&P, LLC (2502); Samson Holdings, Inc. (8587); Samson-International, Ltd. (4039); Samson Investment Company (1091); Samson Lone Star, LLC (9455); Samson Resources Company (8007); and Samson Resources Corporation (1227). The location of parent Debtor Samson Resources Corporation's corporate headquarters and the Debtors' service address is: Two West Second Street, Tulsa, Oklahoma 74103.

[2] The Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a Global Note with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates historically prepare consolidated financial statements.    Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a nonconsolidated basis.    Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.    Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.    Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date (as defined herein) or at any time before the Petition Date.    Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.    Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.    Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.    Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Philip W. Cook has signed each of the Schedules and Statements.    Mr. Cook is the Executive Vice President and Chief Financial Officer of Samson Resources Corporation and an authorized signatory for each of the Debtors.    In reviewing and signing the Schedules and Statements, Mr. Cook necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors.    Mr. Cook has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements.    Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to the rest of the Debtors' Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

**1.     Global Notes Control**.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**2.     Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("*Claim*") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, in Statement 3(c), Schedule B, and Schedule F) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

**3.     Description of Cases and "as of" Information Date**.  On September 16, 2015 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On September 18, 2015, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 70].

The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of September 15, 2015, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on September 15, 2015.

**4.      Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of September 15, 2015.  Book values may not equate to their current market values. Amounts shown for total liabilities may differ materially from those stated in the Schedules and Statements.  Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**5.      Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**6.      Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

**7.      Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable.  In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.

The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, as the Debtors have yet to make any decisions with

respect to rejection of executory contacts and unexpired leases.  In addition, certain immaterial assets and liabilities may have been excluded.

In addition, in the ordinary course of their business, the Debtors are party to pooling agreements or pooling orders that relate to certain of the Debtors' oil and gas leases.   Generally, pooling is the consolidation and combining of leased land with adjoining leased tracts.   Pooling has the benefit to the production company of uniting all landowners' leases into a common pool and utilizing one common underground geological reservoir.  Such pooling agreements have not been included in response to the Schedules and Statements.

**8.**     **Insiders**.   Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) Chief Executive Officer, the Chief Operating Officer, the Chief Financial Officer, and the General Counsel; (c); equity holders holding in excess of 5% of the voting securities of one of the Debtor entities; and (d) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**9.**     **Intellectual Property Rights**.   Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**10.**     **Executory Contracts**.   Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Certain contracts are entered into by Samson Resources Company on behalf of itself and its present and future affiliated entities.  In these instances, the contracts are listed on the Samson Resources Company Schedule G only.

**11.**     **Credits and Adjustments**.   The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and

other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

12.    **Leases**.    In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, minerals, or other real property interests and equipment from third-party lessors for use in the daily operation of their business.    Any known pre-petition obligations of the Debtors' pursuant to the same have been listed on Schedule F,    The underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A.    Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement or a real property interest), and the Debtors reserve all rights with respect to such issues.

13.    **Joint Interest Billings**.    The Debtors are the operators for a number of oil and gas wells in which the Debtors hold an interest, many under joint operating or joint exploration agreements with other parties.    In connection with the daily operation of those wells, the Debtors incur numerous lease operating expenses for which the Debtors are then reimbursed by their partners for their share of the expenses.    Where the Debtors hold non-operating working interests in wells under various joint operating agreements, the Debtors reimburse the operator for the Debtors' share to the relevant costs—production expenses, taxes, etc.    The Debtors were authorized to make payments on account of the foregoing under applicable interim first-day orders issued by the Bankruptcy Court, and such accrued and payable amounts are not reflected on the Schedules and Statements. For more information, readers should refer to the *Motion to Authorize Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of (A) Operating Expenses, (B) Joint Interest Billings, (C) Marketing Expenses, (D) Shipping and Warehousing Claims, and (E) 503(b)(9) Claims, and (II) Confirming Administrative Expense Priority of Outstanding Orders* [Docket No. 6].

14.    **Classifications**.    Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

15.    **Claims Description**.    Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."    Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.    The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.    Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."    Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

16.    **Causes of Action**.    Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties

as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on account of a contract or for breaches of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "***Causes of Action***") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

In the ordinary course of their business, from time to time, the Debtors become involved in litigation and informal disputes among third parties because the Debtors may hold funds on account of mineral or other interests that are the subject of the dispute. Where litigation has commenced, the funds in question are interpled into the applicable court; in other instances, i.e., where there is a dispute but no cause of action has been commenced, the Debtors hold the funds on account in suspense. With regard to litigation, upon the conclusion or settlement of the matter, the court typically orders that the interpled funds be paid to the appropriate party. With respect to informal disputes, upon receipt of a fully executed settlement agreement or similar evidence of properly cured title, the Debtors release the funds in question to the appropriate third party as directed by the settlement agreement. Because these funds are not property of their estates, the Debtors do not believe that they have any liability on account of such litigation. As such the informal disputes are not included in the Statements and Schedules.

**17.** **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

     a.     <u>Undetermined Amounts</u>. The description of an amount as "Undetermined" is not intended to reflect upon the materiality of such amount.

     b.     <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

     c.     <u>Paid Claims</u>. The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant

to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

d.    <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**18.    Estimates.**  To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue and expenses as of the Petition Date.  The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

**19.    Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**20.    Setoffs.**  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, and other disputes or discrepancies between the Debtors and various third parties including their suppliers and other parties who hold working interests in common oil and gas properties.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule A**.  Under applicable law, royalty interests, overriding royalty interests, non-executive mineral interests, non-participating royalty interests, rights of way, and easements are real property interests in land. The Debtors have included information about the instruments governing such interests on Schedule A, but have not duplicated such leases on Schedule G regardless of whether such instruments may be considered executory contracts within the meaning of Bankruptcy Code section 365.

Certain of the instruments reflected on Schedule A may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A is an executory contract within the meaning of Bankruptcy Code section 365. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A or Schedule G, including their right to

dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Except where otherwise noted, the Debtors have included the book value of real property assets. With respect to certain oil and gas properties for which the value is undetermined on Schedule A, such properties are tested for impairment based on a ceiling test analysis. For further information about these impairment charges, readers should refer to Form 10-K (Annual Report) dated December 31, 2014 at pp. 34, which is available at http://www.samson.com/investors/sec-filings/. With respect to the oil and gas leases for which an undetermined value is reflected on Schedule A, a determination of the value of each lease would be unduly burdensome and cost prohibitive.

The Debtors are continuing their review of all relevant documents and reserve the right to amend all Schedules at a later time as necessary, or otherwise recharacterize their interests in such real property at a later date. Further, due to the volume of the Debtors' real and personal property holdings, the Debtors may have listed certain assets as real property when such holdings are, in fact, in the nature of personal property holdings or an executory contract, or the Debtors may have listed certain assets as personal property assets when such holdings are, in fact, real property holdings. The Debtors reserve all of their rights, but shall not be required, to recategorize and/or recharacterize such asset holdings at a later time to the extent that the Debtors determine that such holdings were improperly listed.

The Debtors' failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule B4**.  Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Motion to Authorize Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Continue Insurance Coverage Entered Into Prepetition and Satisfy Prepetition Obligations Related Thereto and (II) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies* [Docket No. 12].

**Schedule B13**.  Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests. Each Debtor's "Schedule B – Personal Property" lists such Debtor's ownership interests, if any, in subsidiaries and affiliates. For purposes of these Statements and Schedules, the Debtors have listed the value of such ownership interests as undetermined because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedule B16**.  In the ordinary course of the Debtors' businesses, cash settlements must occur after the completion of an accounting settlement cycle, which typically takes 60 days following a production month-end. The timeframe to calculate a net proceed for a given production month requires the following steps: invoicing of joint interest partners and purchasers, payment of capital and operating expenses, receipt of gross sales revenues, receipt of gross gathering, processing and transportation expense payments, receipt of joint interest billing payments, and disbursement of

payments to royalty owners. These steps are necessarily accomplished over the span of 60 days following the end of a production month. Accordingly, there is a significant amount of accounts receivable owed to the Debtors as of the Petition Date which will be recouped or reimbursed in the ordinary course of business likely by the end of December or January.

The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts."

The listing by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

**Schedule B21**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers, or potential warranty Claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B22**. In the ordinary course of their businesses, the Debtors are required to obtain operating and other permits from federal, state, and local government authorities and from regulatory bodies. The Debtors believe that these permits have little or no cash value and have not included them in their response to Schedule B. Additionally, the Debtors own certain copyrights, URLs, and other intellectual property that have little or no cash value and have not included them in their response to Schedule B.

**Schedules B28 and B29**. For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedules B28 or B29.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such

transaction or any document or instrument related to such creditor's Claim.  The descriptions provided in Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**.  By interim order] dated September 22, 2015, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses and other compensation, reimbursable employee expenses, and employee medical and similar benefits.  The Debtors have not listed on Schedule E any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court.  The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the relevant First Day Order or other order that may be entered by the Bankruptcy Court.

**Schedule F**.  The Debtors have used best reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon each Debtor's existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.  Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.  The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Although reasonable efforts have been made

to identify the date of incurrence of each Claim, determining the date upon which each Claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Each Debtor's Schedule F may reflect its payment of certain Claims pursuant to these First Day Orders, and, to the extent an unsecured Claim has been paid or may be paid it is possible such Claim is not included on Schedule F. Certain Debtors may pay additional Claims listed on Schedule F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserve all of their rights to amend or supplement Schedule F or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed. Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured Claims that a Debtor may have against another Debtor on account of intercompany receivables and payables. To the extent a Debtor has a Claim against another Debtor on account of the Debtors' prepetition secured facilities, these Claims are not reflected on Schedule F. The listing by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an

executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-compete agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The

Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement Question 4a, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement Question 3b**. Statement Question 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, employees, and bankruptcy professionals. The amounts listed in Statement Question 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement Question 3b. All disbursements listed on Statement Question 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement Question 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

The Debtors' response to Statement Question 3b may include remittances to the lessors of the Debtors' oil and gas leases of such lessors' share of revenue from the producing wells located on their respective leases or lands pooled therewith pursuant to the terms of their oil and gas lease. In addition, the response may include remittances of overriding royalties to the owners of those interests, and the holders of nonexecutive mineral interests, as well as the holders of non-participating royalty interests pursuant to applicable agreements. Such remittances do not represent property of the Debtors' estates. In addition, the Debtors are obligated under various agreements to market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties. Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable. Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses. The foregoing amounts are not property of the Debtors' estates, but may be included in response to Statement Question 3b.

**Statement Question 3c**. Statement Question 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the *Motion to Maintain Bank Accounts Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Continue to Operate the Cash Management System, (II) Honor Certain Prepetition Obligations*

*Related Thereto, (III) Maintain Existing Business Forms, and (IV) Continue to Perform Intercompany Transactions* [Docket No. 5], in the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "**Intercompany Claims**"). Any payments to another Debtor on account of Intercompany Claims are reflective of the difference between the opening balance and ending balance between 8/31/2014 and the commencement of the chapter 11 cases. With respect to Intercompany Claims between Debtors, Statement Question 3c reflects the book value adjustment of such transfers rather than an actual transfer of funds from one Debtor entity to another.

**Statement Question 4a**. Information provided in Statement Question 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement Question 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement Question 8**. The Debtors occasionally incur losses for a variety of reasons, including fire and theft. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement Question 9**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Samson Resources Company and are therefore listed on the applicable Debtor's response to Statement Question 9. Amounts paid to such entities or individuals may include amounts paid for services unrelated to debt counseling or bankruptcy.

**Statement Question 13**. The Debtors routinely incur setoffs and netting of payments during the ordinary course of their business. Setoffs and nettings in the ordinary course can result from various items including intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, and other transaction true-ups. These normal setoffs and nettings are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all normal set-offs. Therefore, normal setoffs and nettings are excluded from the Debtors' responses to Statement Question 13.

**Statement Question 14**. In connection with their oil and gas assets, the Debtors are obligated, pursuant to their oil and gas leases and other agreements, to remit to the lessors of the oil and gas leases and potentially other parties their share of revenue from the producing wells located on the respective leases pursuant to the terms of their oil and gas lease. In addition, overriding royalties must be remitted to the owners of those interests, and the holders of non-executive mineral

interests, as well as the holders of nonparticipating royalty interests, must receive the proceeds due to them pursuant to the applicable agreement. The foregoing amounts were authorized to be paid under applicable First Day Orders, are not property of the Debtors' estates, and are not included in Statement Question 14.

The Debtors are obligated under various agreements to market the oil and gas production of certain owners of working interests to potential purchasers and remit the amounts due to the appropriate parties. Specifically, following the sale of production and the receipt of proceeds attributable thereto, the Debtors are obligated to remit the net amount of those proceeds belonging to the owner of the working interest, net of all applicable mineral interests, gathering costs, processing and transportation expenses, and production taxes, as applicable. Certain agreements require the Debtors to process and forward to the appropriate parties, from funds otherwise belonging to third parties, the amounts due on account of such interests and expenses.  The foregoing amounts were authorized to be paid under applicable First Day Orders, are not property of the Debtors' estates, and are not included in Statement Question 14.

**Statement Question 15**.  From time to time, in the ordinary course of business, the Debtors buy and sell real property interests, including fee simple interests in land, in connections with their operations.  The Debtors have not disclosed the addresses of these properties.

**Statement Question 19a and 19c**.  The Debtors have limited their response to Statement question 19a and 19c to the Chief Financial Officer and the Chief Accounting Officer as they supervise either directly or indirectly all other parties who may be responsible for the creation and updating of the Debtors books and records.

**Statement Question 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement Question 19d.

**Statement Question 23**.  Unless otherwise indicated in a Debtor's specific response to Statement Question 23, the Debtors have included a comprehensive response to Statement Question 23 on Statement 3c.

*[Remainder of page intentionally left blank.]*

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court

District Of Delaware

In re    Geodyne Resources, Inc.                                ,          Case No. 15-11935 (CSS)
                        **Debtor**

                                                                          Chapter 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | $          0.00 | | |
| B - Personal Property | Yes | 4 | $          0.00 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $   1,953,122,364.15 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $          0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $   2,378,592,385.38 | |
| G - Executory Contracts and Unexpired Leases | Yes | 9 | | | |
| H - Codebtors | Yes | 4 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $      N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $      N/A |
| **TOTAL** | | 28 | $          0.00<br>+ Undetermined Amounts | $   4,331,714,749.53<br>+ Undetermined Amounts | |

B6A (Official Form 6A) (12/07)

In re   Geodyne Resources, Inc.                                    ,          Case No.   15-11935 (CSS)
                    **Debtor**                                                              **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 40 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN REEVES COUNTY, TEXAS. NET ACREAGE 56 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 80 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 160 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 240 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 257.92 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN TERRELL COUNTY, TEXAS. NET ACREAGE 320 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN TERRELL COUNTY, TEXAS. NET ACREAGE 480 | Surface Land | | Undetermined | Undetermined |

Total ▶   $ 0.00

(Report also on Summary of Schedules.)

**B6A (Official Form 6A) (12/07) – Cont.**

In re   **Geodyne Resources, Inc.**                        ,                    Case No.   **15-11935 (CSS)**
                    **Debtor**                                                                              **(If known)**

# SCHEDULE A – REAL PROPERTY

(Continuation Sheet)

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 637.18 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 647.37 | Surface Land | | Undetermined | Undetermined |
| SURFACE LAND LOCATED IN PECOS COUNTY, TEXAS. NET ACREAGE 800 | Surface Land | | Undetermined | Undetermined |

Total ▶    $ 0.00

(Report also on Summary of Schedules.)

**B6B (Official Form 6B) (12/07)**

In re  Geodyne Resources, Inc.                                        ,        Case No.  15-11935 (CSS)
               **Debtor**                                                                      **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  **Geodyne Resources, Inc.**                              ,        Case No. **15-11935 (CSS)**
　　　　　　　　　　**Debtor**                                                                **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  Geodyne Resources, Inc.                              ,          Case No. 15-11935 (CSS)
                        Debtor                                                          (If known)

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____2_____ continuation sheets attached      Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

$ 0.00
+ Undetermined Amounts

In re: Geodyne Resources, Inc.                                                                          Case No. 15-11935 (CSS)

**SCHEDULE B - PERSONAL PROPERTY**
**Rider B.9 - Interests in Insurance Policies**

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| ACE American Insurance Company | Excess Crime Protection | DOX G2509766A 002 | Undetermined |
| ACE American Insurance Company | Excess D&O/Fiduciary ($15M X $15M) | DOX G25638438 004 | Undetermined |
| ACE American Insurance Company | Trip Travel | PHFD38359411 003 | Undetermined |
| American Alternative Insurance Corporation<br>American Commerce Insurance Company<br>Mitsui Sumitomo Insurance Company of America<br>National Indemnity Company<br>Tokio Marine America Insurance Company | Aviation | 16000730 | Undetermined |
| Argonaut Insurance Company | Excess D&O ($10M X $95M) | MLX 7601203-00 | Undetermined |
| Ascot Underwriting Limited | Excess Liability ($25M X $100M) | EL15HQ429V1X | Undetermined |
| Beazley Insurance Company, Inc. | Excess Side A D&O  ($15M X $135M) | V122E0140401 | Undetermined |
| Continental Casualty Company | Excess D&O ($10M X $45M) | 425491489 | Undetermined |
| Endurance American Insurance Company | Excess D&O /($10M X $115M) | DOX10003840202 | Undetermined |
| Endurance American Insurance Company | Excess Side A D&O  ($10M X $125M) | ADX10006157601 | Undetermined |
| Gemini Insurance Company | Commercial General Liability | JGH2002213 | Undetermined |
| Gemini Insurance Company | Energy Commercial Umbrella Liability | JUH2001984 | Undetermined |
| Gotham Insurance Company | Excess Liability ($25M X $125M) | ML20150000361 | Undetermined |
| Great American Insurance Company | Excess D&O ($10M X $75M) | DFX1490984 | Undetermined |
| Hardy (Underwriting Agencies) Limited<br>Munich Re Underwriting Limited<br>Beazley Furlonge Limited<br>Talbot Underwriting Ltd<br>Argo Managing Agency Limited<br>Navigators Underwriting Agency Limited<br>AEGIS Managing Agency Limited<br>ANV Syndicates Limited<br>Amlin Underwriting Limited<br>Novae Syndicates Limited<br>Beazley Furlonge Limited<br>Brit Syndicates Limited<br>Markel Syndicate Management Limited<br>Cathedral Underwriting Limited<br>Ark Syndicate Management Limited<br>Houston Casualty Company<br>Navigators Insurance Company<br>StarNet Insurance Company<br>Liberty Mutual Insurance Company | Energy and Property Package | JHB-CJP-2074 (A) JHB-CJP-2074 (B) | Undetermined |
| Hiscox Syndicates Limited<br>Munich Re Underwriting Limited<br>AEGIS Managing Agency Limited<br>Antares Managing Agency Limited<br>Brit Syndicates Limited<br>Cathedral Underwriting Limited<br>Markel International Insurance Company Limited | Excess Liability ($25M X $25M) | JHB2M100501 | Undetermined |
| Ironshore Specialty Insurance Company | Excess Liability ($25M X $50M) | 296205 | Undetermined |
| Liberty Insurance Underwriters Inc. | Excess D&O ($10M X $55M) | DO4NAALRZ1004 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, Pa. | Excess D&O ($10M X $65M) | 02-146-65-38 | Undetermined |
| National Union Fire Insurance Company of Pittsburgh, Pa. | Excess D&O ($15M X $30M) | 02-146-65-35 | Undetermined |
| Philadelphia Indemnity Insurance Company | Excess D&O ($10M X $105M) | PHSD1002882 | Undetermined |
| Star Indemnity & Liability Company | Excess D&O ($10M X $85M) | SISIXFL21201414 | Undetermined |
| StarNet Insurance Company | Commercial Automobile Liability | ECA 3124604-10 | Undetermined |
| Tri-State Insurance Company of Minnesota | Worker's Comp | EWC 3124643-10 | Undetermined |
| U.S. Specialty Insurance Company (HCC) | Crime Protection | 14-MGU-14-A33640 | Undetermined |
| U.S. Specialty Insurance Company | Primary D&O /Employment Practice/Fiduciary | 14-MGU-14-A33639 | Undetermined |

**Total    Undetermined**

In re  Geodyne Resources, Inc.                              ,     Case No.   15-11935 (CSS)
_____            _____
              Debtor                                              (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS SECOND PRIORITY COLLATERAL AGENT 60 WALL ST MS NYC60-1630 ATTN: PROJ FIN - SAMSON NEW YORK, NY 10005 | | | UCC Statement No. 52311404 Dated: 06/01/2015<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN C/O MICHAEL-R WEBER 200 SOUTH TRYON STREET CHARLOTTE, NC 28202 | X | | Guarantor - 2nd Lien Term Loan Includes Principal and Interest<br><br>VALUE $ $1,011,527,777.78 | | X | | $1,011,527,777.78 | Undetermined |

| _1_ continuation sheets attached | Subtotal ▶<br>(Total of this page) | $ 1,011,527,777.78 | $0.00 |
|---|---|---|---|
| | Total ▶<br>(Use only on last page) | $ | $ |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re  Geodyne Resources, Inc. _____,                    Case No.  15-11935 (CSS) _____
_____**Debtor**_____                                                    **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS SECOND PRIORITY COLLATERAL AGENT 60 WALL ST MS NYC60-1630 ATTN: PROJ FIN - SAMSON NEW YORK, NY 10005 | | | UCC Statement No. 52312063 Dated: 06/01/2015<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>J.P. MORGAN CASE BANK, N.A. AS ADMINISTRATIVE AGENT, 1ST LIEN RBL 10 SOUTH DEARBORN, FLOOR 07 CHICAGO, IL 60603 | X | | Guarantor - 1st Lien RBL Includes Principal and Interest<br><br>VALUE $ $941,594,586.37 | X | | | $941,594,586.37 | Undetermined |
| ACCOUNT NO.<br><br>JP MORGAN CHASE BANK N.A. AS COLLATERAL AGENT 712 MAIN STREET HOUSTON, TX 77002 | | | UCC Statement No. 14928811 Dated: 12/22/2011<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>JP MORGAN CHASE BANK N.A. AS COLLATERAL AGENT 712 MAIN STREET HOUSTON, TX 77002 | | | UCC Statement No. 14928860 Dated: 12/22/2011<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br><br>VALUE $ | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)

$ 941,594,586.37

$0.00

Total(s) ▶
(Use only on last page)

$ 1,953,122,364.15
+ Undetermined Amounts

$0.00
+ Undetermined Amounts

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

In re   **Geodyne Resources, Inc.**                                    ,                    Case No. **15-11935 (CSS)**
                          Debtor                                                                                                  (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  **Geodyne Resources, Inc.**                          ,                    Case No. **15-11935 (CSS)**
<span style="margin-left:2em">**Debtor**</span>                                                                                  **(if known)**

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

 **0**  **continuation sheets attached**

In re   Geodyne Resources, Inc.                        ,          Case No. 15-11935 (CSS)
                        **Debtor**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Contingent Litigation Liability - Case No. 14-CV-36 | | | | Undetermined |
| C12: KANSAS OIL, LLC ATTN: STANFORD J. SMITH, JR MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP 100 NORTH BROADWAY SUITE 500 WICHITA, KS 77202 | | | | X | X | X | |
| ACCOUNT NO. | | | Contingent Litigation Liability - Case No. 14-CV-34 | | | | Undetermined |
| C12: KANSAS OIL, LLC ATTN: STANFORD J. SMITH, JR MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP 100 NORTH BROADWAY SUITE 500 WICHITA, KS 77202 | | | | X | X | X | |

Subtotal ▶  $ 0.00

_4_ continuation sheets attached

Total ▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Geodyne Resources, Inc.                              ,          Case No.   15-11935 (CSS)
_____                         _____
                 **Debtor**                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CHARLES SCHUSTERMAN ENTERPRISES C/O C T CORPORATION SYSTEM 5615 CORPORATE BLVD., STE. 400B BATON ROUGE, LA 70808 | | | Contingent Litigation Liability - Case No. 14-CV-36 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CONSOLIDATED PRODUCTION, LLC 2121 S. COLUMBIA STE. 650 TULSA, OK 74114 | | | Contingent Litigation Liability - Case No. 14-CV-36 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COOK, PHILIP W. ADDRESS ON FILE | | | Contingent Indemnification | X | X | | Undetermined |
| ACCOUNT NO.<br><br>D & D EQUIPMENT & SUPPLY CO. PO BOX 94537 OKLAHOMA CITY, OK 73143 | | | Contingent Litigation Liability - Case No. 13058 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>FLEISCHAKER FAMILY, L.C. 101 PATK AVE. SUITE 700 OKLAHOMA CITY, OK 73102 | | | Contingent Litigation Liability - Case No. 14-CV-36 | X | X | X | Undetermined |

Sheet no. _1_ of _4_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Geodyne Resources, Inc.                    ,                    Case No.   15-11935 (CSS)
                 **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. FRALEY, RICHARD E. ADDRESS ON FILE | | | Contingent Indemnification | X | X | | Undetermined |
| ACCOUNT NO. MILLER, ALAN B. ADDRESS ON FILE | | | Contingent Indemnification | X | X | | Undetermined |
| ACCOUNT NO. PHOENIX COMPANY, LTD. C/O DAVID S FLEISHAKER 100 N BROADWAY, SUITE 2460 LIBERTY TOWER OKLAHOMA CITY, OK 73102 | | | Contingent Litigation Liability - Case No. 14-CV-36 | X | X | X | Undetermined |
| ACCOUNT NO. RENT-A-CRANE OF OKLA., INC. 8020 SW 74TH OKLAHOMA CITY, OK 73469 | | | Contingent Litigation Liability - Case No. 13058 | X | X | X | Undetermined |
| ACCOUNT NO. ROCKET OIL AND GAS COMPANY LIMITED PARTNERSHIP 923 FIRST NATIONAL BANK RD. WICHITA, KS 67202 | | | Contingent Litigation Liability - Case No. 14-CV-36 | X | X | X | Undetermined |

Sheet no.  _2_ of _4_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ► | $ 0.00

Total ►
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

$

B6F (Official Form 6F) (12/07) – Cont.

In re  Geodyne Resources, Inc. _____,          Case No.  15-11935 (CSS)
                    Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>S-P EXPLORATION, INC.<br>CT CORPORATION<br>815 SUPERIOR AVE., NE<br>CLEVELAND, OH 44114 | | | Contingent Litigation Liability - Case No. 14-CV-36 | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>SAMSON INVESTMENT COMPANY<br>SAMSON PLAZA<br>TWO WEST SECOND STREET<br>TULSA, OK 74103-3103 | | | Intercompany Payable | | | | $4,419.51 |
| ACCOUNT NO.<br><br>SAMSON RESOURCES COMPANY<br>SAMSON PLAZA<br>TWO WEST SECOND STREET<br>TULSA, OK 74103-3103 | | | Intercompany Payable | | | | $4,129.44 |
| ACCOUNT NO.<br><br>SGH ENTERPRISES, INC.<br>SAMSON PLAZA<br>TWO WEST SECOND STREET<br>TULSA, OK 74103-3103 | | | Intercompany Payable | | | | $5,711.43 |
| ACCOUNT NO.<br><br>WESTCHESTER FIRE INSURANCE COMPANY<br>436 WALNUT STREET<br>PHILADELPHIA, PA 19106 | | | Surety Bond Number K08857246 in the Amount of $10,000.00 for the Benefit of State of Wyoming, Office of State Lands and Investments | X | X | | Undetermined |

Sheet no. _3_ of _4_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 14,260.38

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Geodyne Resources, Inc. _____ ,          Case No.  15-11935 (CSS) _____
                    **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL 60661 | X | | Surety Bond Number K08598885 in the Amount of $150,000.00 for the Benefit of United States Department of the Interior, Bureau of Indian Affairs | X | X | | Undetermined |
| ACCOUNT NO.<br><br>WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL 60661 | X | | Surety Bond Number K08857258 in the Amount of $15,000.00 for the Benefit of Town of Goldsby, Oklahoma | X | X | | Undetermined |
| ACCOUNT NO.<br><br>WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL 60661 | X | | Surety Bond Number K0859885A in the Amount of $150,000.00 for the Benefit of United States Department of the Interior, Bureau of Land Management | X | X | | Undetermined |
| ACCOUNT NO.<br><br>WILMINGTON TRUST COPORATION - AS TRUSTEE<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE 19890 | X | | 9.75% Senior Unsecured Notes Due 2020 | | | | $2,378,578,125.00 |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no.  4  of  4  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 2,378,578,125.00

Total ▶    $ 2,378,592,385.38
(Use only on last page of the completed Schedule F.)                                    + Undetermined Amounts
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re   Geodyne Resources, Inc.                              ,        Case No.   15-11935 (CSS)
                        **Debtor**                                                            **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

[ ]  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ACE AMERICAN INSURANCE COMPANY 1133 AVENUE OF THE AMERICAS, 32ND FLOOR NEW YORK, NY 10036 | EXCESS D&O / FIDUCIARY ($15M X $15M) - POLICY NUMBER DOX G25638438 004 |
| ACE AMERICAN INSURANCE COMPANY 1133 AVENUE OF THE AMERICAS, 32ND FLOOR NEW YORK, NY 10036 | EXCESS CRIME PREVENTION - POLICY NUMBER DOX G2509766A 002 |
| ACE AMERICAN INSURANCE COMPANY 1133 AVENUE OF THE AMERICAS, 32ND FLOOR NEW YORK, NY 10036 | TRIP TRAVEL - POLICY NUMBER PHFD38359411 003 |
| AEGIS MANAGING AGENCY LIMITED 33 GRACECHURCH STREET LONDON, EC3V 0BT UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| AEGIS MANAGING AGENCY LIMITED 33 GRACECHURCH STREET LONDON, EC3V 0BT UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION 555 COLLEGE ROAD EAST PRINCETON, NJ 08543 | AVIATION - POLICY NUMBER 16000730 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Geodyne Resources, Inc.                                    ,          Case No.   15-11935 (CSS)
                    **Debtor**                                                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AMERICAN COMMERCE INSURANCE COMPANY<br>211 MAIN STREET<br>WEBSTER, MA 01570 | AVIATION - POLICY NUMBER 16000730 |
| AMLIN UNDERWRITING LIMITED<br>ST HELEN'S 1 UNDERSHAFT<br>LONDON, EC3A 8ND UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| ANTARES MANAGING AGENCY LIMITED<br>10 LIME STREET<br>LONDON, EC3M 7AA UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |
| ANV SYNDICATES LIMITED<br>47 MARK LANE<br>LONDON, EC3R 7QQ UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| APACHE SOUTHWEST EXPLORATION AND PRODUCTION LP<br>2000 POST OAK BLVD, SUITE 100<br>HOUSTON, TX 77056 | CLOSING AGREEMENT/PSA FOR ENDURO DATED: 4/19/2011 |
| ARGO MANAGING AGENCY LIMITED<br>EXCHEQUER COURT 33 ST MARY AXE<br>LONDON, EC3A 8AA UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| ARGONAUT INSURANCE COMPANY<br>101 HUDSON, SUITE 1201<br>JERSEY CITY, NJ 07302 | EXCESS D&O ($10M X $95M) - POLICY NUMBER MLX 7601203-00 |

B6G (Official Form 6G) (12/07) – Cont.

In re   **Geodyne Resources, Inc.**                              ,          Case No.   **15-11935 (CSS)**
                     **Debtor**                                                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ARK SYNDICATE MANAGEMENT LIMITED 30 FENCHURCH AVENUE LONDON, EC3M 5AD UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| ARROW ROCK ENERGY, LLC 555 REPUBLIC DRIVE PLANO, TX 75074 | PURCHASE AND SALE AGREEMENT DATED: 7/21/2014 |
| ASCOT UNDERWRITING LIMITED 20 FENCHURCH STREET LONDON, EC3M 3BY UNITED KINGDOM | EXCESS LIABILITY ($25M X $100M) - POLICY NUMBER EL15HQ429V1X |
| BEAZLEY FURLONGE LIMITED PLANTATION PLACE SOUTH 60 GREAT TOWER STREET LONDON, EC3R 5AD UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| BEAZLEY INSURANCE COMPANY, INC. 30 BATTERSON PARK ROAD FARMINGTON, CT 60321 | EXCESS SIDE A D&O ($15M X $135M) - POLICY NUMBER V122E0140401 |
| BRIT SYNDICATES LIMITED 55 BISHOPSGATE LONDON, EC2N 3AS UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| BRIT SYNDICATES LIMITED 55 BISHOPSGATE LONDON, EC2N 3AS UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Geodyne Resources, Inc.                                    ,          Case No.   15-11935 (CSS)
                    **Debtor**                                                                      **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CATHEDRAL UNDERWRITING LIMITED 29TH FLOOR 20 FENCHURCH STREET LONDON, EC3M 3BY UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |
| CATHEDRAL UNDERWRITING LIMITED 29TH FLOOR 20 FENCHURCH STREET LONDON, EC3M 3BY UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| CONTINENTAL CASUALTY COMPANY 333 SOUTH WABASH AVENUE CHICAGO, IL 60604 | EXCESS D&O ($10M X $45M) - POLICY NUMBER 425491489 |
| CORDILLERA ENERGY PARTNERS III, LLC 8450 E. CRESCENT PARKWAY, SUITE 400 GREENWOOD VILLAGE, CO 80111 | PURCHASE AND SALE AGREEMENT DATED: 6/7/2011 |
| ENDURANCE AMERICAN INSURANCE COMPANY WATERLOO HOUSE 100 PITTS BAY ROAD PEMBROKE, HM 8 BERMUDA | EXCESS D&O ($10M X $115M) - POLICY NUMBER DOX10003840202 |
| ENDURANCE AMERICAN INSURANCE COMPANY WATERLOO HOUSE 100 PITTS BAY ROAD PEMBROKE, HM 8 BERMUDA | EXCESS SIDE A D&O ($10M X $125M) - POLICY NUMBER ADX10006157601 |
| ENDURO OPERATING LLC 306 W 7TH ST, SUITE 306 FORT WORTH, TX 76102 | PURCHASE AND SALE AGREEMENT DATED: 11/18/2010 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Geodyne Resources, Inc.                              ,         Case No.   15-11935 (CSS)
                 **Debtor**                                                              **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| GEMINI INSURANCE COMPANY 7233 EAST BUTHERUS DRIVE SCOTTSDALE, AZ 85260-2410 | ENERGY COMMERCIAL UMBRELLA LIABILITY - POLICY NUMBER JUH2001984 |
| GEMINI INSURANCE COMPANY 7233 EAST BUTHERUS DRIVE SCOTTSDALE, AZ 85260-2410 | COMMERCIAL GENERAL LIABILITY - POLICY NUMBER JGH2002213 |
| GOTHAM INSURANCE COMPANY 412 MT. KEMBLE AVENUE SUITE 300C MORRISTOWN, NJ 07960 | EXCESS LIABILITY ($25M X $125M) - POLICY NUMBER ML201500000361 |
| GREAT AMERICAN INSURANCE COMPANY 1515 WOODFIELD ROAD, SUITE 500 SCHAUMBURG, IL 60173-5437 | EXCESS D&O ($10M X $75M) - POLICY NUMBER DFX1490984 |
| HARDY (UNDERWRITING AGENCIES) LIMITED 20 FENCHURCH STREET LONDON, EC3M 3BY UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| HISCOX SYNDICATES LIMITED 1 GREAT ST HELENS LONDON, EC3A 6HX UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |
| HOUSTON CASUALTY COMPANY 13403 NORTHWEST FREEWAY HOUSTON, TX 77040-2401 | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |

B6G (Official Form 6G) (12/07) – Cont.

In re  __Geodyne Resources, Inc.__                                    ,        Case No.  __15-11935 (CSS)__
               **Debtor**                                                                      **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY<br>P.O. BOX 3407<br>NEW YORK, NY 10008 | EXCESS LIABILITY ($25M X $50M) - POLICY NUMBER 000296205 |
| KC7 PARTNERS, LLC<br>4800 BRYANT IRVIN COURT<br>FORT WORTH, TX 76107 | PURCHASE AND SALE AGREEMENT DATED: 8/11/2015 |
| LIBERTY INSURANCE UNDERWRITERS INC.<br>55 WATER STREET<br>NEW YORK, NY 10041 | EXCESS D&O ($10M X $55M) - POLICY NUMBER DO4NAALRZ1004 |
| LIBERTY MUTUAL INSURANCE COMPANY<br>175 BERKELEY STREET<br>BOSTON, MA 02117 | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED<br>20 FENCHURCH STREET<br>LONDON, EC3M 3AZ UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |
| MARKEL SYNDICATE MANAGEMENT LIMITED<br>20 FENCHURCH STREET<br>LONDON, EC3M 3AZ UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA<br>15 INDEPENDENCE BOULEVARD<br>WARREN, NJ 07059 | AVIATION - POLICY NUMBER 16000730 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Geodyne Resources, Inc.                              ,          Case No.   15-11935 (CSS)
                          **Debtor**                                                                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MUNICH RE UNDERWRITING LIMITED ST HELENS I UNDERSHAFT LONDON, EC3A 8EE UNITED KINGDOM | EXCESS LIABILITY ($25M X $25M) - POLICY NUMBER JHB2M100501 |
| MUNICH RE UNDERWRITING LIMITED ST HELENS I UNDERSHAFT LONDON, EC3A 8EE UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| NATIONAL FIRE & MARINE INSURANCE COMPANY 3024 HARNEY STREET OMAHA, NE 68131 | EXCESS LIABILITY ($25M X $75M) - POLICY NUMBER 42-XSF-100233-02 |
| NATIONAL INDEMNITY COMPANY 3024 HARNEY STREET OMAHA, NE 68134 | AVIATION - POLICY NUMBER 16000730 |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. 32 OLD SLIP FINANCIAL SQUARE NEW YORK, NY 10005 | EXCESS D&O ($10M X $65M) - POLICY NUMBER 02-146-65-38 |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. 32 OLD SLIP FINANCIAL SQUARE NEW YORK, NY 10005 | EXCESS D&O ($15M X $30M) - POLICY NUMBER 02-146-65-35 |
| NAVIGATORS INSURANCE COMPANY 400 ATLANTIC STREET 8TH FLOOR STAMFORD, CT 06901 | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |

B6G (Official Form 6G) (12/07) – Cont.

In re   Geodyne Resources, Inc.                              ,        Case No.   15-11935 (CSS)
                    **Debtor**                                                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NAVIGATORS UNDERWRITING AGENCY LIMITED 4TH FLOOR, 2 MINSTER COURT MINCING LANE LONDON, EC3R 7BB UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| NOVAE SYNDICATES LIMITED 71 FENCHURCH STREET LONDON, EC3M 4HH UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY 231 SAINT ASAPH'S ROAD , SUITE 100 BALA CYNWYD, PA 19004 | EXCESS D&O ($10M X $105M) - POLICY NUMBER PHSD1002882 |
| STAR INDEMNITY & LIABILITY COMPANY 399 PARK AVENUE, 9TH FLOOR NEW YORK, NY 10022 | EXCESS D&O ($10M X $85M) - POLICY NUMBER SISIXFL21201414 |
| STARNET INSURANCE COMPANY P.O. BOX 1594 DES MOINES, IA 50306-1594 | COMMERCIAL AUTOMOBILE LIABILITY - POLICY NUMBER ECA 3124604-10 |
| STARNET INSURANCE COMPANY P.O. BOX 1594 DES MOINES, IA 50306-1594 | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| STEADFAST INSURANCE COMPANY 1400 AMERICAN LANE SCHAUMBURG, IL 60196-1056 | GRADUAL POLLUTION - POLICY NUMBER EPC 5574216-02 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Geodyne Resources, Inc.                                    ,        Case No.   15-11935 (CSS)
               **Debtor**                                                                      **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| TALBOT UNDERWRITING LTD<br>60 THREADNEEDLE STREET<br>LONDON, EC2R 8HP UNITED KINGDOM | ENERGY AND PROPERTY PACKAGE - POLICY NUMBERS JHB-CJP-2074 (A) & JHB-CJP-2074 (B) |
| THREE RIVERS ACQUISITION LLC<br>1122 S. CAPITAL OF TEXAS HWY, SUITE 325<br>AUSTIN, TX 78746 | PURCHASE AND SALE AGREEMENT DATED: 11/22/2010 |
| TOKIO MARINE AMERICA INSURANCE COMPANY<br>230 PARK AVENUE<br>NEW YORK, NY 10169 | AVIATION - POLICY NUMBER 16000730 |
| U.S. SPECIALTY INSURANCE COMPANY<br>13403 NORTHWEST FREEWAY<br>HOUSTON, TX 77040 | PRIMARY D&O""/EMPLOYMENT""PRACTICE/FIDUCIARY - POLICY NUMBER 14-MGU-14-A33639 |
| U.S. SPECIALTY INSURANCE COMPANY (HCC)<br>13403 NORTHWEST FREEWAY<br>HOUSTON, TX 77040 | CRIME PROTECTION - POLICY NUMBER 14-MGU-14-A33640 |
|  |  |
|  |  |

**B6H (Official Form 6H) (12/07)**

In re   **Geodyne Resources, Inc.**                                                    ,   Case No.   **15-11935 (CSS)**
                                    **Debtor**                                                                          **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See attached rider | |

**In re: Geodyne Resources, Inc.**                                    **Case No. 15-11935 (CSS)**

## Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Samson Resources Corporation<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE,  NC  28202 |
| Samson Resources Corporation<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson Resources Corporation<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson Contour Energy Co.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE,  NC  28202 |
| Samson Contour Energy Co.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson Contour Energy Co.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson Contour Energy Co.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL  60661 |
| Samson Contour Energy E&P, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE,  NC  28202 |
| Samson Contour Energy E&P, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson Contour Energy E&P, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson Contour Energy E&P, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL  60661 |
| Samson Holdings, Inc.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE,  NC  28202 |
| Samson Holdings, Inc.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |

**In re: Geodyne Resources, Inc.**                                              **Case No. 15-11935 (CSS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Samson Holdings, Inc.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson-International, Ltd.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE, NC  28202 |
| Samson-International, Ltd.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson-International, Ltd.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson-International, Ltd.<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL  60661 |
| Samson Investment Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE, NC  28202 |
| Samson Investment Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson Investment Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson Investment Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL  60661 |
| Samson Lone Star, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE, NC  28202 |
| Samson Lone Star, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson Lone Star, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson Lone Star, LLC<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL  60661 |

**In re: Geodyne Resources, Inc.**                                    **Case No. 15-11935 (CSS)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Samson Resources Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | DEUTSCHE BANK TRUST COMPANY AMERICAS<br>AS ADMINISTRATIVE AGENT - 2ND LIEN TERM LOAN<br>C/O MICHAEL-R WEBER<br>200 SOUTH TRYON STREET<br>CHARLOTTE,  NC  28202 |
| Samson Resources Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | J.P. MORGAN CHASE BANK N.A.<br>AS ADMINISTRATIVE AGENT 1ST LIEN RBL<br>10 SOUTH DEARBORN FLOOR 07<br>CHICAGO, IL  60603 |
| Samson Resources Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WILMINGTON TRUST COPORATION - AS TRUSTEE<br>STEVEN M. CIMALORE - VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| Samson Resources Company<br>Two West Second Street<br>Tulsa, OK  74103-3103 | WESTCHESTER FIRE INSURANCE COMPANY<br>525 WEST MONROE ST.<br>SUITE 700<br>CHICAGO, IL  60661 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In Re : Geodyne Resources, Inc.                                                    Case No. 15-11935 (CSS)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____            Signature: _____
                                                                                       Debtor


Date _____            Signature: _____
                                                                                 (Joint Debtor, if any)

                                [If joint case, both spouses must sign.]

...................................................................................................................................................

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.


_____            _____
Printed or Typed Name and Title, if any,                 Social Security No.
of Bankruptcy Petition Preparer                              ( Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address


X_____            _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

...................................................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the <u>Executive Vice President and  Chief Financial Officer</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date_____10/15/2015_____            Signature : /s/ Philip W. Cook_____


                                                                 Philip W. Cook_____
                                                                 [Print or type name of individual signing on behalf of debtor.]

            *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

...................................................................................................................................................

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*