# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SAMSON RESOURCES CORPORATION, *et al.*,[1] | ) Case No. 15-11934 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 17 |

## ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form of and manner for filing proofs of claim, including any section 503(b)(9) requests for payment, and (d) approving notice of the Bar Dates; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Geodyne Resources, Inc. (2703); Samson Contour Energy Co. (7267); Samson Contour Energy E&P, LLC (2502); Samson Holdings, Inc. (8587); Samson-International, Ltd. (4039); Samson Investment Company (1091); Samson Lone Star, LLC (9455); Samson Resources Company (8007); and Samson Resources Corporation (1227). The location of parent Debtor Samson Resources Corporation's corporate headquarters and the Debtors' service address is: Two West Second Street, Tulsa, Oklahoma 74103.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 38009705

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

**I.    The Bar Dates and Procedures for Filing Proofs of Claim**

2. Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original, written proof of claim, substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 10.[4] Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

---

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of Official Form 10 may be obtained by: (a) calling the Debtors' restructuring hotline at 888-547-8096; (b) visiting the Debtors' restructuring website at: www.GardenCityGroup.com/cases/SamsonRestructuring;

a. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are *actually received* on or before *November 20, 2015, at 5:00 p.m.* prevailing Eastern Time, (the "General Bar Date"), at the addresses and in the form set forth herein. The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Order.

b. All governmental units (as defined in section 101 (27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are *actually received* on or before *March 14, 2016, at 5:00 p.m.*, prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c. If the Debtors amend the Schedules, affected holders must file proofs of claim, if necessary, by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 5:00 p.m. prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

d. Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (a) the General Bar Date; (b) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the effective date of the rejection of such executory contract or unexpired lease (the "Rejection Damages Bar Date").

---

(c) writing to the Debtors' Claims Processing Center: (i) via first class mail to: Samson Resources Corporation, c/o GCG, PO Box 10238, Dublin, OH 43017-5738; (ii) via hand delivery or overnight mail to: Samson Resources Corporation, c/o GCG, 5151 Blazer Parkway, Suite A, Dublin, OH 43017; or (iii) via email to: SMNInfo@gardencitygroup.com; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

3

KE 38009705

3. All proofs of claim must be filed so as to be actually received by Garden City Group, LLC ("GCG"), the notice and claims agent retained in these chapter 11 cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). If proofs of claim are not received by GCG on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## II. Parties Exempted from the Bar Date

4. The following categories of claimants shall not be required to file a proof of claim by the Bar Date:

    a. any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with GCG in a form substantially similar to Official Form 10;

    b. any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c. any entity whose claim has previously been allowed by order of the Court;

    d. any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

    e. any Debtor having a claim against another Debtor;

    f. any non-Debtor subsidiary having a claim against a Debtor;

    g. any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

    h. any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or

subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

i. a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j. any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k. any entity holding a claim for which a separate deadline is fixed by this Court;

l. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or before the General Bar Date;

m. the holders of First Lien Claims (as defined in the plan);

n. the First Lien Agent (as defined in the plan), with respect to any First Lien Claims;

o. the holders of Second Lien Claims (as defined in the plan);

p. the Second Lien Agent (as defined in the plan), with respect to any Second Lien Claims; and

q. claims that are limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (the "Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (the "Debt Instrument"); *provided* that an indenture trustee under a Debt Instrument must file one proof of claim, on or before the General Bar Date, unless another exception in the Bar Date Notice applies.

---

[5] The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

KE 38009705

### III. Substantive Requirements of Proofs of Claim

5. The following requirements shall apply with respect to filing and preparing each proof of claim:

   a. <u>Contents</u>. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

   b. <u>Section 503(b)(9) Claim</u>. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

   c. <u>Original Signatures Required</u>. Only *original* proofs of claim may be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

   d. <u>Identification of the Debtor Entity</u>. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Samson Resources Corporation.

   e. <u>Claim Against Multiple Debtor Entities</u>. Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

   f. <u>Supporting Documentation</u>. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

      g.      <u>Timely Service</u>. Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be *actually received* by GCG on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at the following address:

> *If sent via first class mail:*
> Samson Resources Corporation
> c/o GCG
> PO Box 10238
> Dublin, OH 43017-5738
>
> *If sent via hand delivery or overnight mail:*
> Samson Resources Corporation
> c/o GCG
> 5151 Blazer Parkway, Suite A
> Dublin, OH 43017

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

      h.      <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their proofs of claim were received by GCG must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to GCG) and (ii) a self-addressed, stamped envelope.

## IV.   Identification of Known Creditors

6.    The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## V.   Procedures for Providing Notice of the Bar Date

### A.   Mailing of Bar Date Notices

7.    No later than five business days after the Court enters this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities:

7

a. the U.S. Trustee;

b. the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims;

c. the administrative agent under the Debtors' first lien revolving credit facility;

d. counsel to the administrative agent under the first lien revolving credit facility;

e. the administrative agent under the Debtors' second lien term loan;

f. counsel to the administrative agent under the Debtors' second lien term loan;

g. all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities and governmental units listed in the Schedules as holding claims against the Debtors;

h. all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

i. all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

j. all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

k. all entities that are party to executory contracts and unexpired leases with the Debtors;

l. all entities that are party to litigation with the Debtors;

m. all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

n. all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

o. the United States Environmental Protection Agency;

p. the Office of the Attorney General for the State of Delaware;

q. the office of the attorney general for each state in which the Debtors maintain or conduct business;

8

  r. the District Director of the Internal Revenue Service for the District of Delaware;

  s. all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

  t. the Securities and Exchange Commission.

8. The Debtors shall provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 10.

9. After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

### B.    Publication of Bar Date Notice

10. The Debtors shall cause notice of the General Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication substantially in the form attached hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in the national edition of *The New York Times* and local edition of *Tulsa World* no later than 30 days before the General Bar Date. The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.

### VI.    Consequences of Failure to File a Proof of Claim

11. Any entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan of reorganization filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

12. Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### VII. Miscellaneous

13. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

14. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 16, 2015
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE