# EXHIBIT 2

**Bar Date Notice**

KE 38009705

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SAMSON RESOURCES CORPORATION, et al.,[1] | ) Case No. 15-11934 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 17 |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

TO: ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:

| DEBTOR | CASE NO. |
|---|---|
| Geodyne Resources, Inc. | 15-11935 |
| Samson Contour Energy Co | 15-11936 |
| Samson Contour Energy E&P, LLC | 15-11937 |
| Samson Holdings, Inc. | 15-11938 |
| Samson-International, Ltd. | 15-11939 |
| Samson Investment Company | 15-11940 |
| Samson Lone Star, LLC | 15-11941 |
| Samson Resources Company | 15-11942 |
| Samson Resources Corporation | 15-11934 |

**PLEASE TAKE NOTICE THAT:**

On September 16, 2015 (the "Petition Date"), Samson Resources Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [_____], 2015 the Court entered an order [Docket No. [__]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Geodyne Resources, Inc. (2703); Samson Contour Energy Co. (7267); Samson Contour Energy E&P, LLC (2502); Samson Holdings, Inc. (8587); Samson-International, Ltd. (4039); Samson Investment Company (1091); Samson Lone Star, LLC (9455); Samson Resources Company (8007); and Samson Resources Corporation (1227). The location of parent Debtor Samson Resources Corporation's corporate headquarters and the Debtors' service address is: Two West Second Street, Tulsa, Oklahoma 74103.

KE 38009705

file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### I. THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

    a. *The General Bar Date.* Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date (i.e., by *November 20, 2015, at 5:00 p.m.* prevailing Eastern Time).** The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims

    b. *The Governmental Bar Date.* Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by *March 14, 2016, at 5:00 p.m.*,**

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

**prevailing Eastern Time).** The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c. ***Amended Schedules Bar Date.*** If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, who had not previously filed a proof of claim, is required to file a proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment to the Schedules, so that such proofs of claim are actually received by GCG.

d. ***Rejection Damages Bar Date.*** In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (a) the General Bar Date, (b) 5:00 p.m. prevailing Eastern Time on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, and (c) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the effective date of the rejection of such executory contract or unexpired lease.

## II. WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date ***must*** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a. any entity whose claim against a Debtor is ***not*** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

3

    c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules; and

    d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file proofs of claims:

    a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with GCG in a form substantially similar to Official Form 10;

    b.    any entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.    any entity whose claim has previously been allowed by order of the Court;

    d.    any entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

    e.    any Debtor having a claim against another Debtor;

    f.    any non-Debtor subsidiary having a claim against a Debtor;

    g.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

    h.    any entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or

purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

i. a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j. any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k. any entity holding a claim for which a separate deadline is fixed by this Court;

l. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or before the General Bar Date;

m. the holders of First Lien Claims (as defined in the plan);

n. the First Lien Agent (as defined in the plan), with respect to any First Lien Claims;

o. the holders of Second Lien Claims (as defined in the plan);

p. the Second Lien Agent (as defined in the plan), with respect to any Second Lien Claims; and

q. claims that are limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (the "Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (the "Debt Instrument"); *provided* that an indenture trustee under a Debt Instrument must file one proof of claim, on or before the General Bar Date, with respect to all of the amounts owed under each of the Debt Instruments and (ii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument must file a proof of claim on or before the General Bar Date, unless another exception in the Bar Date Notice applies.

---

[3] The Debtors reserve all rights with respect to any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a. <u>Contents</u>. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 10; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. <u>Section 503(b)(9) Claim</u>. Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. <u>Original Signatures Required</u>. Only *original* proofs of claim may be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d. <u>Identification of the Debtor Entity</u>. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Samson Resources Corporation.

e. <u>Claim Against Multiple Debtor Entities</u>. Each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f. <u>Supporting Documentation</u>. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g. <u>Timely Service</u>. Each proof of claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be

6

**actually received** by GCG on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) at the following address:

*If sent via first class mail:*
Samson Resources Corporation
c/o GCG
PO Box 10238
Dublin, OH 43017-5738

*If sent via hand delivery or overnight mail:*
Samson Resources Corporation
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their proofs of claim were received by GCG must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to GCG) and (ii) a self-addressed, stamped envelope.

## V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on GCG's website at www.GardenCityGroup.com/cases/SamsonRestructuring. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, GCG, by calling the Debtors' restructuring hotline at: 888-547-8096, or writing (i) via first class mail to: Samson Resources Corporation, c/o GCG, PO Box 10238, Dublin, OH 43017-5738; (ii) via hand delivery or overnight mail to: Samson Resources Corporation, c/o GCG, 5151 Blazer Parkway, Suite A, Dublin, OH 43017; (iii) via email to: SMNInfo@gardencitygroup.com

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of page intentionally left blank]*

Dated: October ___, 2015  
Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)  
**KLEHR HARRISON HARVEY BRANZBURG LLP**  
919 N. Market Street, Suite 1000  
Wilmington, Delaware  
Telephone:    (302) 426-1189  
Facsimile:    (302) 426-9193

-and -

Morton Branzburg (admitted *pro hac vice*)  
**KLEHR HARRISON HARVEY BRANZBURG LLP**  
1835 Market Street, Suite 1400  
Philadelphia, Pennsylvania 19103  
Telephone:    (215) 569-2700  
Facsimile:    (215) 568-6603

-and-

Paul M. Basta, P.C. (admitted *pro hac vice*)  
Edward O. Sassower, P.C. (admitted *pro hac vice*)  
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)  
Ryan J. Dattilo (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)  
Brad Weiland (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200

*Proposed Co-Counsel for the Debtors and Debtors in Possession*