# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| SAMSON RESOURCES CORPORATION, *et al.*, | : | Case No. 15-11934-BLS |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |
| | : | |
| DIANE S. JONES, | : | |
| | : | Civ. No. 17-879-RGA |
| Appellant, | : | |
| v. | : | |
| | : | |
| SAMSON RESOURCES CORPORATION, *et al.*, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM

Pending before this Court is the Motion to Dismiss the Bankruptcy Appeal for Lack of Appellate Jurisdiction (D.I. 5) filed by the above-captioned Reorganized Debtors ("Appellees") and the Motion for Enlargement Due to Excusable Neglect (D.I. 23) filed by *pro se* appellant Diane S. Jones ("Appellant"). The Motion to Dismiss argues that the Court lacks appellate jurisdiction to consider this appeal because Appellant failed to file a notice of appeal within the 14-day period prescribed by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d)(1). For the reasons set forth below, the Motion for Enlargement is denied, the Motion to Dismiss is granted, and the appeal is dismissed for lack of subject matter jurisdiction.

1. **Background.** The following facts appear to be undisputed. On September 16, 2015, each of the Appellees filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Between November 17, 2015, and January 26, 2016, Appellant and eleven other heirs of

Randolph Parker (collectively, the "Parker Heirs") filed 22 proofs of claim ("Parker Heir Claims") in the Chapter 11 cases, alleging "unpaid royalties, unfair leasing, [and] theft of property through fraud." (*See* D.I. 5 at 2 & n.3).

2. On February 13, 2017, the Bankruptcy Court entered an order confirming the Global Settlement Joint Chapter 11 Plan of Reorganization of Samson Resources Corporation and its Affiliates (B.D.I. 1822)[1] (the "Plan"). On February 28, 2017, Appellees filed an amended omnibus objection to claims, seeking to disallow, *inter alia*, all of the Parker Heir Claims in their entirety on the grounds that none of the Parker Heir Claims made a *prima facie* showing that the Parker Heirs had been underpaid royalties or owned royalty interests in any lands beyond a 25-acre tract in Rusk County, Texas (B.D.I. 2060) (the "Objection"). Certain of the Parker Heirs filed responses to the Objection. (B.D.I. 2045, 2065, 2067, 2143, 2144, 2148, 2151, 2156, 2162, 2184, 2185, 2186). On April 28, 2017, Appellees filed a reply in further support of the Objection. (B.D.I. 2330). The Bankruptcy Court held a two-day trial starting on May 1, 2017 on the issue of whether the Parker Heir Claims should be disallowed.

3. On June 15, 2017, the Bankruptcy Court issued its opinion disallowing the Parker Heir Claims (B.D.I. 2436), together with an Order denying all relief sought by the Parker Heirs (B.D.I. 2437) ("Order"). On Friday, June 30, 2017, Appellant mailed her notice of appeal from the Order. (*See* D.I. 13 at 2). On Monday, July 3, 2017, the notice of appeal was received and time-stamped by the Bankruptcy Court Clerk. (*See* D.I. 1). On July 26, 2017, Appellees filed the Motion to Dismiss. (D.I. 5). On September 5, 2017, Appellant filed the Motion for Enlargement of the 14-day appeal deadline due to excusable neglect. (D.I. 23). On September 11, 2017, Appellant filed the Motion to Continue/Join the Parker Heirs to Appellant's Appeal

---

[1] The docket of the Chapter 11 cases, captioned *In re Samson Resources Corp., et al.*, Case No. 15-11934 (BLS) (Bankr. D. Del.), is cited herein as "B.D.I. __."

2

(D.I. 24) ("Motion to Join"), and on October 12, 2017, Appellant filed a Motion to Submit New Evidence/Supplement to Appeal (D.I. 31) ("Motion to Supplement").

4. **Jurisdiction and Standard of Review.** The Court has appellate jurisdiction over all final orders and judgments from the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). Bankruptcy Rule 8002 provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[2] The Third Circuit has held that the failure to appeal a bankruptcy court's ruling to the district court within the time period established by Bankruptcy Rule 8002 deprives the district court of jurisdiction to hear an appeal. *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011).

5. **Discussion.** The 14-day period for appealing the June 15, 2017 Order expired on June 29, 2017. The appeal was not filed until July 3, 2017, four days after the 14-day period under Bankruptcy Rule 8002(a) had expired. Although the Bankruptcy Rules alone cannot create or withdraw jurisdiction, Congress has limited the jurisdiction of this Court to hear an appeal from a final order of a Bankruptcy Court by specifically incorporating the time limits of Bankruptcy Rule 8002 in the jurisdictional grant to the district courts to hear appeals from bankruptcy courts. Section 158(c)(2) of title 28 provides: "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts **and in the time provided by Rule 8002 of the Bankruptcy Rules.**" 28 U.S.C. § 158(c)(2) (emphasis added).

---

[2] Neither subdivision (b) nor (c) is relevant here. Subdivision (b)(1) provides "If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion" and then lists the following motions: (A) to amend or make additional findings; (B) to alter or amend the judgment; (C) for a new trial; (D) for relief from judgment. Fed. R. Bankr. P. 8002(b)(1). Subdivision (c) refers to rules for claimants who are incarcerated. Fed. R. Bankr. P. 8002(c).

3

6. Appellant advances several arguments in opposition to the Motion to Dismiss. Appellant argues that the "requirements [for] filing the notice of appeal . . . are not jurisdictional, and the court does not have to dismiss the appeal if the appellant is late filing a non-jurisdictional item." (D.I. 13 at 3). However, the Third Circuit has held on several occasions that the time limits of Bankruptcy Rule 8002 are jurisdictional and deprive an appellate court of subject matter jurisdiction if the appellant fails to comply. *See Caterbone*, 640 F.3d at 111-12 (citing *S'holders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185, 187 (3d Cir. 1986); *In re Universal Minerals, Inc.* 755 F.2d 309, 311 (3d Cir. 1985)). In *Caterbone*, the court stated:

> Because Section 158 . . . specifies the time within which an appeal must be taken – i.e., "in the time provided by Rule 8002" – that requirement is jurisdictional . . . Here, even though it is a bankruptcy rule that specifies the time within which an appeal must be filed, the statutory incorporation of that rule renders its requirement statutory and, hence, jurisdictional and non-waivable.

*Id.* at 111-12. Because the notice of appeal was not filed within the time frame provided by Bankruptcy Rule 8002(a), the Court lacks subject matter jurisdiction and must dismiss the appeal. *United States v. Cotton,* 535 U.S. 625, 630 (2002) ("subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.")

7. Appellant further argues that the notice of appeal was in fact timely filed. Because the Order was docketed after business hours on June 15, 2017, Appellant argues that the 14-day period did not begin to run until the following day, resulting in a June 30 deadline – as opposed to June 29. (*See* D.I. 13 at 2). Because her notice of appeal was postmarked on June 30, 2017, Appellant contends that it was timely filed. (*See id.*) Both of these contentions are incorrect.

8. First, the fact that the Order was entered following business hours is irrelevant for calculating the 14-day deadline under Bankruptcy Rule 8002(a) because that day is already

4

excluded. *See* Fed. R. Bankr. P. 9006. As Appellees correctly argue, Bankruptcy Rule 9006, which governs when computing any time period specified in the Bankruptcy Rules, provides that the day the order is entered is excluded for purposes of calculating the deadline to appeal the order; thus, the 14-day period began to run on June 16, 2017. *See* Fed. R. Bankr. P. 9006(a)(1)(A) (instructing that "the day of the event that triggers the period" is excluded). However, Bankruptcy Rule 9006 further instructs that the "last day of the period" shall be included for purposes of calculating a deadline. *See* Fed. R. Bankr. P. 9006(a)(1)(C). Therefore, Appellant's deadline to file the Notice of Appeal was June 29, 2017 – the last day in a 14-day period which began on June 16, 2017.

9. Second, the Court must reject Appellant's argument the notice of appeal should be deemed to have been filed on the postmark date – June 30, 2017 – rather than on July 3, 2017, the date on which the Bankruptcy Court Clerk received it. (*See* D.I. 13 at 2-3). Under the Bankruptcy Rules, the date the Bankruptcy Court Clerk receives the notice determines whether the appeal was timely filed. *See* Fed. R. Bankr. P. 8002(a)(1). As Appellees correctly argue, the Third Circuit has consistently held that "[t]he date a court receives a notice of appeal controls whether it was timely filed." *In re Hussain*, 532 F. App'x 196, 197 (3d Cir. 2013); *see also Caterbone*, 640 F.3d at 111 (holding that, despite having mailed a notice of appeal within the then-ten-day time period for filing a notice of appeal, appellant's notice was untimely because it was not *filed* with the court until after the expiration of the ten-day period). Even if a notice under Bankruptcy Rule 8002 could be deemed filed when postmarked, Appellant's notice of appeal, postmarked June 30, 2017, was still untimely because the deadline was June 29, 2017.

10. On September 5, 2017, Appellant filed the Motion for Enlargement, seeking relief from the 14-day deadline due to excusable neglect on the basis that, despite her best efforts in researching appellate procedure and preparing the required submissions *pro se*, she was unable to

5

meet the deadline and also believed that her submission would be deemed filed when mailed. (*See* D.I. 23 at 1-4). Appellant relies on Bankruptcy Rule 9006(b)(1) to argue the appeal should be considered timely due to this excusable neglect. Bankruptcy Rule 9006(b)(1) provides:

> *Except as provided in paragraphs (2) and (3) of this subdivision*, when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1) (emphasis added). Bankruptcy Rule 9006(b)(3), however, expressly states that a court may enlarge the time for taking action under Bankruptcy Rule 8002 "only to the extent and under the conditions stated" in that rule. *Id.*; *In re Douglas*, 477 B.R. 274, 276 n.3 (D.D.C. 2012) ("Rule 9006(b)(1) governs time extensions under other bankruptcy rules, but specifically excludes Rule 8002 from its operation.").

11. Under Bankruptcy Rule 8002(d)(1), a bankruptcy court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Thus, Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period provided in Bankruptcy Rule 8002(a)(1). Although Appellant could have asked the Bankruptcy Court to extend the time to appeal upon a showing of excusable neglect by filing a motion within 21 days after the time for taking an appeal had expired, Appellant did not do so. Indeed, no motion for relief or showing of excusable neglect was ever made to the Bankruptcy Court, and "[t]he rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *Caterbone*, 640 F.3d at 113-14 (quoting *S'holders*, 109 F.3d at 879 (internal citations omitted)). The Court is therefore without jurisdiction to consider the appeal regardless

6

of whether Appellant might demonstrate excusable neglect. *Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005). The Motion for Enlargement must therefore be denied.

12. Appellant appears to further argue that the Appellees waived their argument regarding the timeliness of the notice of appeal by filing their Designation of Additional Items to be Included in the Clerk's Record (D.I. 3) and by failing to file "an [o]bjection or response to [the] appeal." (*See* D.I. 23 at 4). As Appellees correctly argue, the filing of their appellate designations is irrelevant to the timeliness analysis and could not constitute a waiver or consent to Appellant's untimely notice of appeal, as the filing of a timely notice of appeal is "jurisdictional and non-waivable." (*See* D.I. 25 at 3 (citing *Caterbone*, 640 F.3d at 112)).

13. Lastly, Appellant relies on the *SPR Corporation* case in arguing that she did not consent to electronic service and that her deadline to file a Notice of Appeal should be extended by three days under Bankruptcy Rule 9006(f). (*See* D.I. 23 at 6 (citing *In re SPR Corporation*, 45 F.3d 70 (4th Cir. 1995)). In *SPR*, appellant failed to timely file designations under Bankruptcy Rule 8006 – a non-jurisdictional filing requirement – and the court considered whether dismissal of appeal had been proper. *See SPR*, 4 F.3d at 70. In addressing appellant's excusable neglect argument, the *SPR* court simply noted that "[Bankruptcy] Rule 9006 applies to all bankruptcy proceedings." *Id.* at 71. Citing *SPR*, Appellant argues that "Rule 9006 applies to all bankruptcy proceedings therefore subsection (f) ["Additional Time for Service by Mail"] is also applicable to this situation." (*See* D.I. 23 at 6). However, Bankruptcy Rule 9006(f) does not extend the time within which to act where, as here, the time period for taking the action begins to run from an event other than service, such as the entry of the Order. *See* Fed. R. Bankr. P. 9006(f) (applying "when there is a right or requirement to act . . . within a prescribed period after service and that service is by mail . . ."); *In re Arbuckle*, 988 F.2d 29, 31-32 (5th Cir. 1993) (holding that Bankruptcy Rule 9006(f), by its terms, applies when a time period begins to run after service,

7

and thus does not apply to the appeals period prescribed by Bankruptcy Rule 8002(a), which begins to run upon entry of the order, not its service).

14. **Conclusion.** Having failed to file a timely notice of appeal and having failed to make a showing of excusable neglect for the untimely filing within the time frame set forth in Bankruptcy Rule 8002(d), this Court lacks jurisdiction to hear the appeal, and the appeal must be dismissed.

15. A separate order will be entered.

Entered this __23__ day of October, 2017.

                                                       /s/ Richard G. Andrews
                                                     United States District Judge

8